IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01945-PAB-MEH

LORRAINE M. MOLLER,

    Plaintiff,

v.

ONEWEST BANK, FSB, and
INDYMAC MORTGAGE SERVICES, a division of OneWest Bank,

    Defendants.
_____

**TEMPORARY RESTRAINING ORDER**
_____

This matter comes before the Court on plaintiff Lorraine M. Moller's Motion for a Temporary Restraining Order and Preliminary Injunction [Docket No. 3]. Plaintiff asserts a single claim in this action for rescission of two transactions under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (2006). As a result, the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (2006).

The Court conducted a hearing on this matter on August 30, 2010 at 1:30 p.m. Although plaintiff provided her motion to the defendants and attempted to notify them of the August 30, 2010 hearing, they did not appear. While the Court found that plaintiff did effect some degree of notice on the defendants, due to the short period of time, the Court applied Federal Rule of Civil Procedure 65(b)(1). The Court also found that plaintiff met the requirements of that rule. *See* Fed. R. Civ. P. 65(b)(1) ("The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show

that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.").

At the conclusion of the hearing, the Court made oral findings of fact, which are incorporated in their entirety into this order. The Court then applied the preliminary injunction standard, which recognizes that such relief is extraordinary relief, *see Schrier v. University of Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005), and requires the moving party to demonstrate four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resource Defense Council, Inc.*, --- U.S. ----, 129 S. Ct. 365, 374 (2008)).

As a preliminary matter, the Court found that the present motion does not seek one of the three identified "disfavored injunctions" and, therefore, plaintiff is not required to meet a heightened standard of proof. *See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 977 (10th Cir. 2004) (en banc). Turning to plaintiff's likelihood of success on the merits, the Court consulted the legal authority surrounding the Truth in Lending Act, otherwise known as "TILA," codified at 15 U.S.C. § 1601 *et seq.* (2006). In TILA, Congress stated that

> [e]xcept as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired

2

> in any property which is used as the principal dwelling of the person to whom credit is extended, *the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.* The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a) (2006)(emphasis added).[1]

The Court found, based on the preliminary record, that defendant(s) failed to disclose plaintiff's rescission rights as required under § 1635(a) and Regulation Z, which implements TILA. *See* 12 C.F.R. § 226. The notice provided to plaintiff listed the wrong date of rescission, making it deficient under 12 C.F.R. § 226.23(b)(1). Courts enforce TILA's notice rules under a strict liability standard. *See, e.g*, *In re Porter*, 961 F.2d 1066, 1078 (3d Cir. 1992). Therefore, while the "consummation" of the transaction at issue in the present case occurred in August 2007, the deficient notice tolled the running of the three-day rescission period. *See* 15 U.S.C. § 1635(f) (2006); *Jackson v. Grant*, 890 F.2d 118, 122 (9th Cir. 1989). The record supported plaintiff's contention that she sent a rescission notice within the three years provided by § 1635(f) and that plaintiff's notice of rescission complied with § 1635(b) and 12 C.F.R. § 226.23(a)(2). As a result, the Court concluded that plaintiff's rescission was timely.

---

[1] Pursuant to Pub. L. No. 111-202, 2010 HR 4173, the term "Board" is to be replaced with the term "Bureau" in this section.

The Court then analyzed whether plaintiff's transaction fell within one of the four types of exemptions to TILA's rescission provision:

> (1) a residential mortgage transaction as defined in section 1602(w) of this title; (2) a transaction which constitutes a refinancing or consolidation (with no new advances) of the principal balance then due and any accrued and unpaid finance charges of an existing extension of credit by the same creditor secured by an interest in the same property; (3) a transaction in which an agency of a State is the creditor; or (4) advances under a preexisting open end credit plan if a security interest has already been retained or acquired and such advances are in accordance with a previously established credit limit for such plan.

15 U.S.C. § 1635(e) (2006).

Only the first two exemptions appear to be potentially relevant to the present case. However, neither ultimately is applicable. As referred to in the first exemption, 15 U.S.C. § 1602(w) defines "residential mortgage transaction" to mean "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." The transaction at issue was a refinance and did not finance acquisition or initial construction. The second exemption does not apply because, as the evidence presented at the hearing and cited in the Court's oral ruling demonstrates, the loan at issue is not "by the same creditor." 15 U.S.C. § 1635(e)(2); *see also* 12 C.F.R. § 226.23(f)(2).

As a result, plaintiff met her burden at this point in the litigation in demonstrating her likelihood of success on the merits. The Court then concluded that based on the unique nature of the property at issue, there was a likelihood of irreparable harm in the absence of preliminary relief. "To constitute irreparable harm, an injury must be certain,

4

great, actual and not theoretical." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). "Irreparable harm, as the name suggests, is harm that cannot be undone, such as by an award of compensatory damages or otherwise." *Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.*, 320 F.3d 1081, 1105 (10th Cir. 2003). The Court concluded that the harm that Ms. Moller stood to suffer would not be entirely reparable through after-the-fact measures. Finally, the Court concluded and explained on the record how both the balance of the equities and the public interest weighed in favor of a temporary restraining order.

Accordingly, it is

**ORDERED** that plaintiff Lorraine M. Moller's Motion for a Temporary Restraining Order and Preliminary Injunction [Docket No. 3] is GRANTED in part and judgment is WITHHELD in part. Defendants, defendants' officers, agents, servants, employees, and attorneys, and any persons who are in active concert or participation with those listed here are hereby temporarily ENJOINED from foreclosing on the first mortgage for the property as legally described on the record and commonly known as 750 Spruce Street, Boulder, Colorado 80302. This temporary restraining order will expire on **September 12, 2010**. The Court withholds judgment on the portion of the motion requesting a preliminary injunction until a hearing on the matter can be held. It is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 65(c), plaintiff shall post security in the amount of $1000. This temporary restraining order shall not be

effective unless and until this security is deposited with the Clerk of the Court. It is further

**ORDERED** that a preliminary injunction hearing is set for September 9, 2010 at 9:00 a.m. It is further

**ORDERED** that plaintiff shall cause this order to be served upon the defendants in a way that comports with the applicable Federal Rules of Civil Procedure and Local Rules of this Court.

DATED August 31, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge